O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GRACIELA ELISERIO, et al, § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. L-05-cv-4 |
| § | |
| § | |
| FLOYDADA HOUSING § | |
| AUTHORITIES, et al, § | |
| Defendants. § | |

MEMORANDUM AND ORDER

On March 14, 2008, Magistrate Judge Saldaña filed a Report and Recommendation in this case. (Dkt. No. 87). In her Report, she recommended that the Federal Defendants' Motion for Summary Judgment be granted as to what she characterized as Plaintiffs' "loan approval" and "enforcement" claims, along with their related discrimination claims. She deferred ruling on what she characterized as the "loan write-down" and "rehabilitation plan" claims. Plaintiffs filed objections to this Report on March 24, 2008. (Dkt. No. 89).

Magistrate Judge Saldaña concluded that the "loan approval" and related discrimination claims were too speculative to meet the causation and redressability requirements for standing. No objection was filed on that issue.

Plaintiffs object to the part of the Report which concludes that Plaintiffs have an "adequate alternative remedy" with regards to their enforcement claim. Plaintiffs object that: 1.) there is no evidence that a suit against FHA could produce an adequate remedy for Plaintiffs; and 2.) remedy adequacy under 5 U.S.C. §704 does not pertain to third parties.

The adequate remedy pointed to in the report is a direct suit against Floydada Housing Authority (FHA) under the Agricultural Workers Protection Act (AWPA). Plaintiffs claim that this is inadequate because USDA controls the management and funding decisions at issue. The management decisions listed by Plaintiffs include budgets, lease terms, and operational policies. The Court notes that the particular claim being addressed here is the alleged lack of enforcement action by the USDA to force FHA to comply with housing standards, not any of the other management decisions. The direct suit under the AWPA would allow the Court to enjoin the FHA to comply with housing standards. This is an adequate remedy for the claim at issue, which is failure to enforce compliance with housing standards.

Plaintiffs' second objection is that 5 U.S.C. §704 does not apply when the remedy is against a third party. They urge the Court to reject the D.C. Circuit's rulings in <u>Council of and for the Blind v. Regan</u>, 709 F.2d 1521 (D.C. Cir. 1983) and subsequent cases. Section 704 provides that "… final agency action for which

there is no other adequate remedy in a court [is] subject to judicial review." Plaintiffs cite <u>Bowen v. Massachusetts</u>, 108 S.Ct. 2722 (1988) as support for the proposition that §704 does not apply when the remedy is against a third party. This Court agrees with Judge Saldaña's analysis of this issue and her conclusion that, when an adequate remedy at law is available against the regulated entity, there is no right to APA review against the agency.

The federal Defendants have also filed "partial objections" to the Magistrate Judge's report (Docket No. 91). They address the issues which Judge Saldaña did not address. To put these objections in context, these Defendants are reminded that Judge Saldaña was considering a motion to dismiss for lack of subject-matter jurisdiction and also a Rule 12(b)(6) motion for failure to state a claim. The latter type motion is to be decided entirely on the pleadings.

One of the objections by the Federal Defendants is that Plaintiffs "write-down claim" is moot because it is barred by limitations. They refer to an affidavit by a Ms. Brakebill, stating that the USDA re-amortized a loan of the FHA in 1991. This Court has searched in vain for any reference to a statute of limitations argument in the pending motion to dismiss. For that matter, it is not even clear precisely what is the "write-down claim" in the first place. The Court only finds a passing

reference at Paragraph 6.22 of the "Corrected Third Amended Complaint" which asserts that USDA "unilaterally reduces the amount due upon loans (write-down) even when sound management of housing projects is not evident..."  In sum, there is a passing conclusory allegation of what arguably amounts to multiple write-downs, a motion to dismiss on the pleadings which makes no mention whatever of any specific write-down or limitations argument, a response thereto which obviously also is silent on the issue.  It is no wonder that Judge Saldaña thought the issue required further development.

   The Federal Defendants also protest that the "rehabilitation plan" claim has been conclusively shown to be not ripe for decision.  Again, however, the movants go beyond the pleadings. They again point to Ms. Brakebill and discuss a certain promise to extend rehabilitation funds, which promise was supposedly conditional and has not yet been finally approved.  Even were the Court to consider that affidavit, it is not clear whether it addresses the claim of these Plaintiffs.  In Paragraphs 4.31-34 of their live complaint, Plaintiffs speak of some plan to "eliminate or reduce" available housing for migrant workers and to "modernize FLH" but without providing funds to insure that the "rehabilitated FLH facilities will be properly maintained and operated."  It is impossible to tell from the pleadings whether

the parties are talking about the same thing.  At the very least, the issue cannot be resolved on a Rule 12(b)(6) motion.

## Conclusion

Magistrate Judge Saldaña's Report and Recommendation is ACCEPTED.  The Federal Defendants' motion to dismiss (Docket No. 78) is GRANTED as to Plaintiffs "enforcement claim" and "loan approval claim" but otherwise DENIED.

**Done at Laredo, Texas this 31st day of March.**

_____
George P. Kazen
United States District Judge